**Behne E. WALLER, Petitioner–Appellant,**

v.

**Terry L. STEWART, Director, et al., Respondents–Appellees.**

No. 01–15798.

D.C. No. CV–98–01803–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2002.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Behne E. Waller, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his convictions under Arizona law for transportation and possession of narcotic drugs for sale. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Waller contends that the Arizona state courts did not afford him a full and fair opportunity to litigate his Fourth Amendment claim. This contention is belied by the two-day evidentiary hearing and subsequent appeal of this issue in the Arizona state courts, all of which preclude federal habeas relief. *See Stone v. Powell,* 428 U.S. 465, 494–95, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Siripongs v. Calderon,* 35 F.3d 1308, 1321 (9th Cir.1994) (as amended on denial of reh'g en banc).

Waller next contends that counsel was constitutionally ineffective at trial and on appeal, by failing to address properly his Fourth Amendment claim and by failing to raise the government's alleged breach of a cooperation agreement. We agree with the district court and the Arizona state courts' findings that Waller was not prejudiced by any deficiency in counsel's representation. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rupe v. Wood,* 93 F.3d 1434, 1445 (9th Cir.1996) (holding that defendant suffered no prejudice because of reasonable probability counsel would not have prevailed on issue even had it been raised).

Finally, Waller contends his claim that the government breached a cooperation agreement is not procedurally barred by Rule 32.2(a) of the Arizona Rules of Criminal Procedure. We disagree. *See Stewart v. Smith,* 536 U.S. 856, 122 S.Ct. 2578, 2582, 153 L.Ed.2d 762 (2002) (per curiam) (holding that Ariz. R.Crim. P. 32.2(a)(3) is an independent and adequate state procedural rule sufficient to bar federal habeas relief), *reh'g denied,* — U.S. —, 123 S.Ct. 17, 153 L.Ed.2d 880 (2002). Moreover, Waller is not excused by cause and prejudice, because he has not shown that some objective factor external to the defense impeded efforts to comply with the state procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Nor would failure to reach the merits of the claim result in a fundamental miscarriage of justice. *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*id.* at 495–96, 106 S.Ct. 2639 (holding that petitioner must show a "constitutional violation has probably resulted in conviction of one who is actually innocent" to demonstrate fundamental miscarriage of justice).

AFFIRMED.